UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRODERICK HOYTE,

                           Plaintiff,

    v.                                     Civil Action No. _____

MIDLAND FUNDING LLC and
MIDLAND CREDIT MANAGEMENT, INC.,

                           Defendants.

_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Broderick Hoyte, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Midland Funding, LLC., (hereinafter "Midland") is a Foreign Limited Liability Company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant, Midland Credit Management, Inc., (hereinafter "MCM") is a Foreign Business Corporation organized and existing under the laws of the State of Kansas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant's alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendants" herein shall mean the Defendants or an employee of the Defendant.

10. That at all relevant time herein, MCM acted as agent-in-fact for Midland, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

10  That Plaintiff allegedly incurred a debt to Comenity Bank. This debt will be referred to as the "subject debt."

11.  That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. Plaintiff allegedly defaulted on the subject debt.

13. That upon information and belief, the Defendant Midland allegedly acquired the subject debt from Comenity Bank sometime after Plaintiff allegedly defaulted on the account.

14. That upon information and belief, Defendant MCM was thereafter employed to attempt to collect on the alleged subject debt.

15. In or about April 3, 2020 Plaintiff called the Defendant MCM to obtain his account number for the subject debt.

16. In or about April 3, 2020 Plaintiff then sent a cease and desist letter to Defendant MCM stating that he disputes the subject debt and refused to pay.

17. In or about April 6, 2020 Defendant MCM sent a letter to Plaintiff stating that on April 3, 2020, Plaintiff agreed to pay MCM $550.07 by making a single payment via money order and that this agreement will resolve the account.

18. That Plaintiff never entered into any agreement for Payment with the Defendants.

19. The above-described collection conduct by Defendants in its efforts to collect this alleged debt from Plaintiff were oppressive, deceptive, misleading, unfair and illegal communications in an attempt to collect this alleged debt, all done in violation of numerous and multiple provisions of the FDCPA.

20. These collection actions taken by Defendants, and the collection employees employed by Defendants, were made in violation of multiple provisions of the FDCPA, including but not limited to all of the provisions of those laws cited herein.

21. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

22. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to be treated fairly and truthfully with respect to any action for the collection of any consumer debt.

23. Defendants' deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

24. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.


## V. CAUSE OF ACTION

25. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of the Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    i.    Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f by sending Plaintiff a letter falsely stating that Plaintiff agreed to pay the full balance when Plaintiff never agreed to any payment arrangement with the Defendants.

    ii.    Defendants violated 15 U.S.C. §1692c(c) by continuing to contact the Plaintiff in an attempt collect a debt from the Plaintiff despite receipt of a written dispute by the Plaintiff relative to that debt.


27. That Defendant Midland is vicariously liable for the tortious acts of Defendant MCM described herein pursuant to the laws of agency and otherwise.

28. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

    (a)  Actual damages;

    (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: February 26, 2021

                     /s/ Seth J. Andrews_____
                     Seth J. Andrews, Esq.
                     Law Offices of Kenneth Hiller, PLLC
                     *Attorneys for the Plaintiff*
                     6000 North Bailey Ave., Suite 1A
                     Amherst, NY 14226
                     (716) 564-3288
                     Email: sandrews@kennethhiller.com

5